KRISTEN INVESTMENT PROPERTIES, LLC *v.*
FAULKNER COUNTY WATERWORKS and SEWER
PUBLIC FACILITIES BOARD d/b/a Faulkner County Public
Facilities Board, *et al.*

CA 99-1250                                    32 S.W.3d 60

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered December 6, 2000

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John K. Baker* and *Marshall S. Ney*, for appellant.

*Gill Elrod Ragon Owen Skinner & Sherman, P.A.*, by: *Heartsill Ragon, III*, and *Roger H. Fitzgibbon, Jr.*, for appellee Beaverfork Volunteer Fire Department, Inc.

WENDELL L. GRIFFEN, Judge. Kristen Investment Properties, LLC ("Kristen" or "appellant"), appeals from the Faulkner County Circuit Court's denial of its request for attorney's fees under the Freedom of Information Act (FOIA). The court granted judgment in favor of appellant and ordered appellee Beaverfork Volunteer Fire Department, Inc. (Beaverfork), a private nonprofit corporation, to produce certain records[1] pursuant to

---

[1] The court ordered Beaverfork to produce all by-laws of the nonprofit corporation, minutes from all corporate board meetings, minutes from all division and committee meetings including the Executive Committee and Water Supply Division, copies of all written contracts to supply water to residential, commercial, and development customers, copies of all monthly, quarterly, and annual financial reports, and copies of all lists or compilations evidencing water customers of Beaverfork Fire Department, Inc., and/or its Water Supply Division.

appellant's FOIA request. However, the trial court found that Beaverfork was substantially justified in denying appellant's FOIA request and that an award of attorney's fees would be unjust. Therefore, the trial court denied appellant's petition for attorney's fees. We hold that the trial court's findings are clearly erroneous and that the trial court abused its discretion in not awarding attorney's fees. Hence, we reverse and remand for the determination and award of attorney's fees.

Kristen is the developer of Cadron Creek Estates, a residential subdivision within the service area of the Beaverfork Volunteer Fire Department and its water-supply division. Beaverfork is a private nonprofit corporation that operates a water-distribution system and provides fire protection service pursuant to a contractual arrangement with the Beaverfork Fire Protection District in northern Faulkner County. In December 1998, Kristen attempted to apply to Beaverfork for water-service connection to Cadron Creek Estates but was informed that applications were not being granted. Kristen's attorney delivered a letter dated April 15, 1999, to Marvin DeBoer, president of Beaverfork, requesting the records previously cited. In a letter dated April 21, 1999, counsel for Beaverfork informed counsel for Kristen that the requested records would not be disclosed based on Beaverfork's position that it was not covered by the FOIA because it is a nonprofit private corporation "not supported in whole or in part by public funds." Beaverfork's counsel cited *Sebastian County Chapter of American Red Cross v. Weatherford*, 311 Ark. 656, 846 S.W.2d 641 (1993), in the letter and asserted that Beaverfork's only connection to public funding came indirectly through governmental loans (rather than grants) and that such loans did not bring Beaverfork within the FOIA's purview.

Kristen then filed a complaint to compel Beaverfork to produce documents under the FOIA and filed a petition for writ of mandamus seeking to compel Beaverfork to extend water mains and to supply water to Cadron Creek Estates. Following a hearing on June 29, 1999, the trial court entered judgment in favor of Kristen and ordered Beaverfork to produce or permit inspection of the documents requested in Kristen's April 15, 1999 letter. However, the trial court found that Beaverfork was substantially justified in denying the FOIA request and that an award of attorney's fees would be unjust.

██ ██ The FOIA attorney's fee provision is found at Arkansas Code Annotated Section 25-19-107(d) (Supp. 1999) and states:

> In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make an award of these expenses unjust . . . .

Arkansas enacted the FOIA in 1967. Since that time, our supreme court has broadly construed the FOIA in favor of disclosure. *See McCambridge v. City of Little Rock*, 298 Ark. 219, 766 S.W.2d 909 (1989); *see also Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998). With that standard in mind, our initial duty is to determine whether the trial court's findings that Beaverfork was "substantially justified" in denying Beaverfork's FOIA request or that other circumstances made an award of attorney's fees "unjust" are clearly erroneous. We do not review a trial court's findings of fact under the abuse-of-discretion standard. Instead, we review findings of fact under the clearly erroneous standard. *See* Ark. R. Civ. P. 52(a). *See also Sebastian County Chapter of American Red Cross v. Weatherford*, *supra*. We hold that the trial court's findings are clearly erroneous.

██ While the trial court's order identifies neither what it deemed to be Beaverfork's "substantial justification" for denying appellant's request nor what "other circumstances make an award of attorneys fees unjust," it is clear that Beaverfork's assertion that it was not publicly funded was neither well-founded nor substantial. Our supreme court has consistently held the FOIA applicable to private entities that receive public funds. *See, e.g., City of Fayetteville v. Edmark*, 304 Ark. 480, 830 S.W.2d 275 (1990); *Rehab. Hosp. Servs. Corp. v. Delta-Hills Health Sys., Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985); *North Central Ass'n of Colleges & Schools v. Troutt Bros., Inc.*, 261 Ark. 378, 548 S.W.2d 825 (1977).

In *Edmark, supra*, the supreme court held that records retained by private attorneys employed by the city of Fayetteville were subject to FOIA disclosure because the private attorneys had been hired in lieu of the city attorney and were paid with public funds. In *North Central, supra*, our supreme court held that a reporter was improperly excluded from a state meeting of the association, a

private nonprofit corporation that sets educational standards and policies for colleges and secondary schools. The controlling factor underlying the *North Central* court's decision was that more than 90% of the money contributed to the association by Arkansas schools was public money. In *Delta-Hills, supra,* the supreme court held that a private nonprofit corporation created under federal law to assist the Arkansas State Health Planning and Development Agency in the regional review of proposed health care changes was subject to the FOIA because the primary source of funding for the private entity came from the federal government.

Notwithstanding these decisions, Beaverfork contends it was justified in believing that it was not subject to the FOIA because its only connection to public funding is indirect support via state and federal loans. As it did in its letter to appellant denying access to its records, Beaverfork on appeal relies upon *Weatherford, supra.* In that case, the trial court found that the Sebastian County Chapter of the American Red Cross was publicly funded for FOIA purposes by virtue of its one dollar per year, thirty-year lease with the city of Fort Smith. The supreme court reversed, holding that indirect government benefits or subsidies do not constitute "public funds" under the plain and ordinary meaning evidenced by *Black's Law Dictionary* (6th Ed. 1990), which defines public funds as "moneys belonging to government". The *Weatherford* court concluded, "[h]ere, no payment of government moneys was made to the Red Cross and the concomitant application of the FOIA should not transpire." *Id.* at 660, 846 S.W.2d at 645.

Relying on the reasoning employed in *Weatherford,* Beaverfork contends that the $2.9 million in federal and state loans it received constituted only indirect government benefits and therefore, it was not publicly funded for FOIA purposes. However, the trial court here apparently concluded that Beaverfork comes within the purview of the FOIA for a different reason it also performs public safety and utility functions traditionally performed by governmental entities by providing fire protection and water service pursuant to its contractual arrangement with the Beaverfork Fire Protection District, and receives funding from a public source. Beaverfork did not cross-appeal the trial court's judgment in that regard.

Marvin DeBoer, president of the board of the Beaverfork Volunteer Fire Department, Inc., testified that Beaverfork is a pri-

vate nonprofit volunteer fire department comprised of two divisions: the Fire Protection Division and the Water Division. The Beaverfork Fire Protection District ("District") is a creature of state law established by the Faulkner County Quorum Court. Beaverfork has an exclusive contract with the Fire Protection District to provide fire protection and water service to persons within the District. Beaverfork's Water Division is funded by user fees assessed against property within the District and collected by the Faulkner County Assessor's Office. Those assessments are paid to appellee's Fire Protection Division and Water Division, although the revenues and accounting systems for the Fire Protection Division and the Water Division are separate.

DeBoer testified:

> I don't know if it's the County Assessor that does it, but whoever collects money in the County collects the money from everybody within Beaverfork Fire Protection District's geographic area. It's not a private enrollment or membership to pay in the Fire Protection District because the voters voted for that district. In determining what noun to put on it in terms of tax or assessment, I believe it's a service fee.

Thus, Beaverfork knew that the fees received by its Water Division are payments from the Beaverfork Fire Protection District, a plainly public entity, based on assessments made on all property within the district.

The facts in this case are directly on point with the facts in *Edmark, supra.* In *Edmark,* public funds were paid by a municipality to private lawyers as compensation for work that would otherwise have been performed by the city attorney. Here, funds obtained by a public assessment against all land within the Beaverfork Fire Protection District, a public entity, are paid to Beaverfork, a private entity holding an exclusive franchise from the Fire Protection District to provide water service to customers in the District, a service routinely provided by government. DeBoer acknowledged that the payment made by the Fire Protection District "comes from some money collected by the County Assessor." Further, our supreme court's decisions in *North Central, supra,* and *Edmark, supra,* are also directly on point because the funding for operating the Water Division comes from a public source in the form of a levy against property owned within the District. Moreover, we note that the

Arkansas Attorney General has opined that private water associations that are supported in part by public funds and that perform functions normally served by governmental entities are subject to the FOIA. *See* Op. Att'y Gen. # 92-205.

■■ Our courts have consistently held that the intent of the FOIA is to establish the right of the public to be fully apprised of the conduct of public business. *See Edmark* 304 Ark. at 184-85, 801 S.W.2d at 278. Even counsel for Beaverfork acknowledged during closing argument to the trial court that his client is "in a sense, no different from Niblock Law Firm [the private law firm in *Edmark*] in that we've been hired to do a job for a government entity." Beaverfork's denial of appellant's FOIA request in the face of such knowledge regarding the source of its funding and in the face of the foregoing legal authorities constituted arbitrary conduct for which attorney's fees are authorized under the supreme court's decision in *Burke v. Strange*, 335 Ark. 328, 983 S.W.2d 389 (1998).

■ In *Burke v. Strange*, the supreme court stated that a "trial court need not make a fee award in every Freedom of Information Act case; indeed, the purpose of the fee-shifting provision is to assess fees and costs where public officials have acted arbitrarily or in bad faith in withholding records." *Id.* at 331, 983 S.W.2d at 391. *See also Depoyster v. Cole*, 298 Ark. 203, 766 S.W.2d 606 (1989). We note that a finding of an arbitrary refusal or bad faith is not necessary in order for the trial court to award attorney's fees. *See id.* Further, limiting the award of attorney's fees to only those cases involving a showing of bad faith or arbitrary conduct would be contrary to the liberal interpretation that we are to accord the FOIA and would defeat the intent of the General Assembly in enacting it. *See* Ark. Code Ann. § 25-19-102; *Ragland v. Yeargan*, 288 Ark. 81, 702 S.W.2d 23 (1986). *See also Burke v. Strange, supra* (GLAZE, J., dissenting). However, in this case, given that Beaverfork knew it was essentially performing a governmental function for which it received public funding, we have no difficulty concluding that its refusal to produce the records pursuant to appellant's FOIA request was arbitrary to say the least, if not in bad faith.

■ Given the above authorities, we hold that the trial court's finding that Beaverfork had substantial justification for refusing disclosure of the requested records was clearly erroneous. We further hold that the trial court abused its discretion in denying appellant's

petition for attorney's fees because it had no discretion to deny attorney's fees where the party refusing the request lacked substantial justification for doing so and absent evidence of other circumstances that would make the award of such fees unjust. Accordingly, we reverse and remand with directions that the trial court conduct further proceedings to determine the legal expenses and costs incurred by appellant in obtaining the requested records, including costs incurred on appeal, and order the trial court to award appellant appropriate attorney's fees pursuant to this opinion.

ROBBINS, C.J., BIRD, and NEAL, JJ., agree.

STROUD and KOONCE, JJ., dissent.

JOHN F. STROUD, JR., Judge, dissenting. I respectfully dissent from the majority opinion and would affirm the trial court's denial of the award of attorney's fees. The trial court's order contained a paragraph pertaining to the request for attorney's fees, which provided:

> 2. Pursuant to Ark. Code Ann. § 25-19-107(d), and upon a *finding that Beaverfork was substantially justified in denying the April 15, 1999 FOIA request,* an award of attorneys fees would be unjust. Accordingly, no attorneys fees are awarded to Kristen.

(Emphasis added.)

In *Depoyster v. Cole,* 298 Ark. 203, 766 S.W.2d 606 (1989), our supreme court quoted from an article published in 1987 *Arkansas Law Notes,* and explained that "[t]*he court need not . . . make a fee award in every FOIA case; indeed, the purpose of the fee-shifting provision is to assess fees and costs where public officials have acted arbitrarily or in bad faith in withholding records."* *Id.* at 208, 766 S.W.2d at 609 (emphasis in original). The court also stated that "[w]e do not imply by this opinion that an award of litigation expenses under the FOIA will always be defeated in the absence of arbitrary or bad faith conduct on the part of the defendant." *Id.* Our standard of review in these cases is one of abuse of discretion. That is, the decision of whether to award a fee in such cases is a decision within the trial court's discretion and will not be set aside absent an abuse of that discretion. *Burke v. Strange,* 335 Ark. 328, 983 S.W.2d 389 (1998).

The majority opinion concludes, without difficulty, that the refusal to produce records pursuant to the FOIA was "arbitrary to

say the least, if not in bad faith." I cannot reach that conclusion because I disagree with the majority opinion's controlling conclusion that "Beaverfork knew it was essentially performing a governmental function for which it received public funding. . . ." Moreover, the majority opinion's conclusion that the facts in the instant case are so directly on point with the facts in *City of Fayetteville v. Edmark,* 304 Ark. 179, 801 S.W.2d 275 (1990), as to demonstrate that Beaverfork acted arbitrarily in refusing the request for documents is, to me, a stretch at best. In addition, the *Edmark* case did not involve an issue concerning the award of attorney's fees; it only addressed the applicability of the FOIA. Here, the trial court ultimately concluded that the FOIA was applicable, but that the denial of the FOIA request was substantially justified and that an award of attorney's fees would be unjust. Finally, the majority opinion is able to conclude that the trial court abused its discretion. I cannot agree that the trial court abused its discretion in finding that there was substantial justification for denying the FOIA request and that an award of attorney's fees would be unjust.

In short, I find it impossible on the record before us to say that the trial court abused its discretion in the instant case. Therefore, I would affirm.

I am authorized to state that Judge KOONCE joins in this dissenting opinion.