Mr. Don H. Kidd Interim Director, Criminal Justice Institute University of Arkansas System 7723 Asher Avenue, Suite B Little Rock, AR 72204-7503
Dear Mr. Kidd:
You have requested an Attorney General opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that the Criminal Justice Institute has received a request for a list of officers of the Hot Springs Police Department and scores obtained by those officers on a promotion exam that was administered by the Criminal Justice Institute for the Hot Springs Police Department on June 5, 2000.[1] The request was presented by an attorney for two officers from the Hot Springs Police Department.[2]
You acknowledge that the exemption that is available for personnel records does not seem to be available in this instance, because the officers who took the exam are not employees of the Criminal Justice Institute. Nevertheless, you note that these records would be exempt in the hands of these officers' employer. You indicate a concern that releasing these records would constitute a clearly unwarranted invasion of these officers' personal privacy, in violation of the spirit of Youngv. Rice, 208 Ark. 593, 826 S.W.2d 252 (1992), and the public policy stated therein.
Accordingly, you have asked:
 (1) Does the personnel records exemption extend to records maintained by the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department?
 (2) Is it sufficient to produce a copy of the scores with the officers' names redacted?
RESPONSE
Question 1 — Does the personnel records exemption extend to recordsmaintained by the Criminal Justice Institute, as the administering agentfor the Hot Springs Police Department?
It is my opinion that the exemption for personnel records does extend to records maintained by the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department. The practical effect of the conclusion will be discussed in response to Question 2. It should be noted that I am addressing this issue only as it is raised in the factual situation that you have described. This opinion should not be interpreted as stating a general policy that exemptions always follow records. Rather, it should be read as applying only to your situation. Other situations must be analyzed on a case-by-case basis.
The FOIA does not address the question of whether the exemption stated therein for personnel records follows those records when they are in the hands of an entity other than the employer. Moreover, the Arkansas Supreme Court has not addressed this question. In the absence of statutory or judicial guidance, I must address your question in light of the purposes of the FOIA and its exemptions, as illumined by the Arkansas Supreme Court's decisions. It is my opinion that a court faced with this issue would find that in the situation you have described, it is appropriate to apply the exemption to the requested records. I base this conclusion on two factors.
First, the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department, in effect stands in the shoes of the employer. In other instances, the court has found that entities which contracted with a public entity to provide services for that public entity became subject to the FOIA, thus taking on the character of the public entity itself. In those cases, the court has viewed the retained entity as the "functional equivalent" of the public entity. Swaney v.Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995). Accord, City ofFayetteville v. Edmark, 304 Ark. 480, 830 S.W.2d 275 (1990); Waterworksv. Kristen Invest. Prop., 72 Ark. App. 37, 32 S.W.3d 60 (2000). Admittedly, the courts have so held in these cases for the purpose of furthering the FOIA's policy of openness, rather than for the purpose of extending exemptions from disclosure. I also acknowledge that the courts have consistently taken the position that exemptions from disclosure under the FOIA should be narrowly construed. Johninson v. Stodola,316 Ark. 423, 872 S.W.2d 374 (1994). Nevertheless, it is my opinion that the above-cited cases provide guidance as to the nature of entities with which public entities contract, as well as guidance as to how the FOIA's exemptions should apply to those entities. If an entity is the "functional equivalent" of a public entity to which it provides services, it follows, in my opinion, that unless the circumstances dictate a contrary result in order to be consistent with the FOIA, the exemptions that are applicable to the public entity should be applicable to the entity providing the services. In administering exams for the Hot Springs Police Department, the Criminal Justice institute becomes the "functional equivalent" of the Hot Springs Police Department for purposes of administering exams. It performs a function that the Hot Springs Police Department would otherwise perform. The Institute, in effect, stands in the shoes of the Hot Springs Police Department, and is the agent of the Hot Springs Police Department. For these reasons, I conclude that the "personnel records" exemption that would apply to the requested records in the hands of the Hot Springs Police Department should apply to these records when they are maintained by the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department.
Second, to conclude otherwise would have the effect of rendering the personnel records exemption meaningless in this instance. In other situations, I have found that an exemption should be extended to a situation not expressly exempted under the language of the FOIA, for the purpose of avoiding the destruction of the exemption. For example, I have opined that the minutes of an executive session should not be open to the public, given that the executive session itself is not open to the public. See Ops. Att'y Gen. Nos. 91-323; 94-391. I have also opined that the employee evaluation/job performance records of law enforcement officers, in the hands of a sister law enforcement agency should be exempt from disclosure. See Op. Att'y Gen. No. 2000-257. Moreover, I have consistently taken the position that the location of a record is irrelevant in determining whether a particular exemption under the FOIA is applicable. See, e.g., Op. Att'y Gen. No. 2000-225. Although I have so opined in contexts involving various locations all within the employer's possession, it is my opinion that the same reasoning can apply to locations not within the employer's possession. In the situation you have described, requiring the Criminal Justice Institute to release records that the Arkansas Supreme Court has specifically held exempt, see Youngv. Rice, supra (as discussed more fully in response to Question 2), would render the exemption meaningless.
Therefore, because the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department, is the "functional equivalent" of the Hot Springs Police Department for purposes of administering promotion exams, and because not extending the personnel records exemption to the Institute in this instance would defeat the purpose of the exemption, I conclude that in the situation you have described, the exemption that is available for personnel records under the FOIA should be extended to records that are maintained by the Criminal Justice Institute, as the administering agent for the Hot Springs Police Department.
I reiterate that my conclusion regarding this issue is limited to my analysis of the specific fact situation with which you have presented me. Other fact situations must be examined on their own merits. In this regard, I note that in other instances, I have taken the position that particular exemptions should not follow records when they are in the possession of other agents. For example, I have concurred with my predecessor's opinion that the "working papers" exemption that is available to the governor and certain other state officials under A.C.A. § 25-19-105(b)(7) does not follow those records into the hands of other officials not mentioned in 105(b)(7). See Op. Att'y Gen. No. 2000-257, n. 3, citing Op. Att'y Gen. No. 93-166.
Question 2 — Is it sufficient to produce a copy of the scores with theofficers' names redacted?
It is my opinion, as explained more fully below, that if it is possible to produce a copy of the test scores in such a way that the officers' identities cannot be determined, the scores should be produced in that manner.
As you have noted, the issue of the release of test results is governed by the Arkansas Supreme Court's decision in Young v. Rice, 208 Ark. 593,826 S.W.2d 252 (1992). In that case, the Arkansas Supreme Court held that it was appropriate not to release records reflecting specific employees' performance on assessment examinations, because the information contained in these records could subject the employees to embarrassment and possibly threaten their future employment, thus resulting in a clearly unwarranted invasion of the employees' personal privacy, in violation of the FOIA. Young involved a request for records in which the employees' identities would be reflected.
I have consistently taken the position, based upon the reasoning inYoung, that individuals' specific test scores are exempt from disclosure under the FOIA's exemption that is available for personnel records,[3]
in circumstances where the individuals' identities would be known, but that where the individuals' identities would not be known, the records reflecting this information should be released. See, e.g., Ops. Att'y Gen. Nos. 2000-226; 2000-119; 99-016; 99-002. My predecessors have taken the same position. See, e.g., Ops. Att'y Gen. Nos. 97-177; 97-034; 97-033; 93-079; 89-054; and other opinions cited therein. The reasoning underlying these positions has been stated as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Op. Att'y Gen. No. 97-033 at 4.
On the basis of the reasoning reflected in the above-quoted passage, I conclude that if the requested test scores can be produced in such a way that the individual officers' identities cannot be determined, the scores should be produced in that manner. If redacting the names of the individuals would accomplish this goal, the scores should be released with the names redacted. If the individual officers' identities could be determined even from a release of the scores alone, without the names, the scores should not be released. Accord, Ops. Att'y Gen. Nos.2000-258; 2000-119.
Assistant Attorney General Suzanne Antley prepared to foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I note that the FOIA does not require you to create a record that does not already exist. Op. Att'y Gen. No. 2000-218. Your statements appear to indicate that the Criminal Justice Institute does possess a record that would be responsive to the request.
[2] The two officers are entitled to obtain copies of their own records. See A.C.A. § 25-10-105(c)(2).
[3] Under the FOIA, "personnel records" are disclosable, unless disclosing them would constitute a "clearly unwarranted invasion of the [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).