The Honorable Mary Cameron Revenue Legal Counsel Department of Finance and Administration P.O. Box 1272, Room 209 Little Rock, AR 72203-1272
Dear Ms. Cameron:
You have requested an Attorney General opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that the Department of Finance and Administration has received a records request from an individual who applied for a position with your department but who was not hired. The individual asked for "Applicant Evaluation Sheets" and "Personal Reference Checks." You believe that the requested "Applicant Evaluation Sheets" are actually documents entitled "Applicant Selection Records" that are maintained by the department. You have provided me with an example of that record, as well as an example of a "Personal Reference Check" record. It appears from the "Applicant Selection Record" that during the interview process for a particular position, the department assigns a score to the job applicants on various topics. The Applicant Selection Record reflects the comparative scores of the interviewees. The "Personal Reference Check" is a record reflecting the answers given by a job applicant's previous employer in response to various questions about the individual's performance on the job for that employer.
You have determined that the Applicant Selection Record should not be released, and have requested guidance concerning the release of the Personal Reference Check record. Your determination concerning the Applicant Selection Record is based upon Attorney General Opinion No.2002-161, issued by one of my predecessors.
I am directed by law to issue my opinion as to whether your determination regarding the release of these files is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
Summary of Response:
It is my opinion that the Applicant Selection Record should be released, but that only the names and scores of internal applicants (i.e.,
applicants who were already employees of the department) and of the applicant who was hired should be redacted. The names and scores of external applicants (non-employees) should not be redacted. It is my opinion that the question of whether the Personal Reference Check record should be released will depend upon whether the previous employer is an entity that is subject to the FOIA. If the previous employer is not subject to the FOIA, the Personal Reference Check should be released, because there is no exemption permitting the withholding of such records when they are in the hands of a public entity. If the previous employer is subject to the FOIA, the release of the Personal Reference Check must be evaluated under the standard that is applicable to employee evaluation/job performance records.
I must note that these conclusions, which are addressed more fully below, are based largely upon the interpretations of certain provision of the FOIA that have been rendered by previous administrations of the Attorney General's office. These interpretations have always been applied in situations that would have required disclosure of the records in question even if different interpretations had been applied. When those interpretations are applied to the situation about which you have inquired, however, they have produced what appear to be counterintuitive results. In light of that fact, please be aware that my administration will be reviewing its position on these provisions of the FOIA and may reach different conclusions when reviewing similar situations in the future.
Discussion
1. The Applicant Selection Record
As indicated previously, the Applicant Selection Record reflects the names and scores of applicants for a particular position. A record of this nature constitutes the "personnel record" of any individual referenced in the record who is already an employee of the department and of the applicant who is hired. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. §25-19-105(b)(12). This office has previously opined that the release of records reflecting employees' names and scores would constitute a clearly unwarranted invasion of personal privacy, and although in some instances it may be sufficient to redact the employees' names while disclosing a list of the scores, it is not sufficient to do so if, under the circumstances, the public could ascertain which applicants received particular scores simply from a listing of the scores. See Ops. Att'y Gen. Nos. 2002-161; 2001-172; 2000-226; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054. The reasoning that underlies this position is that although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest. Id.; Watkins, The Arkansas Freedom of InformationAct (3rd ed. 1998).
When I apply these principles to the Applicant Selection Record that is the subject of your question, I conclude that if any of the job applicants who are listed on the record are already employees or are hired as a result of this application process, their names and scores should be redacted before the record is released. However, the names and scores of applicants who are not employees should not be redacted. The reason for this differentiation is that the "clearly unwarranted" standard applies only to "personnel records." The Applicant Selection Record is not the "personnel record" of any applicant who is not already an employee or who is not hired as a result of the application process. For those individuals, there is no exemption under the FOIA or any other law that would permit withholding this information from the public. I note that the Arkansas Supreme Court has steadfastly interpreted the FOIA liberally in favor of openness and has construed exemptions narrowly, so as to serve the FOIA's purpose of assuring that the public is "fully apprised of the conduct of public business." Waterworks v. Kristen Invest. Prop.,72 Ark. App. 37, 32 S.W.3d 60 (2000); Orsini v. State, 340 Ark. 665,13 S.W.3d 167 (2000). I also note that the FOIA contains no general privacy exemption protecting personal information outside the personnel records context.[1] The only protection that is available to non-employees for the protection against the release of non-exempt personal information is the constitutional right of privacy that the Arkansas Supreme Court discussed in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). In that case, the court recognized that a constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. In order to invoke this protection, the individual must be able to establish that the information in question is information that: (1) the individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. Whether such an interest exists is question of fact. It is my opinion that the information that is reflected on the Application Selection Record does not rise to the level of constitutional protection. I recognize that the disparity of this result between employees and non-employees could be perceived as unfair. As noted at the outset of this opinion, I will be reviewing my position on this interpretation of the FOIA.[2]
2. The Personal Reference Checks
As indicated previously, the Personal Reference Check records contain the answers given by a job applicant's previous employer in response to various questions about the individual's performance on the job for that employer. The question of whether this record should be released will depend upon whether the previous employer who provides the responses that are reflected on the record is an entity that is subject to the FOIA. It should be noted that if any Personal Reference Check record is released, the applicant's social security number should be redacted from the record prior to its release, pursuant to federal law. See 5 U.S.C. § 552a, note.
It is my opinion that if the applicant's previous employer is not an entity that is subject to the FOIA (i.e., a private sector employer that does not receive public funds or perform a public function, see City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990)), the Personal Reference Check record constitutes a public record that is not exempt from disclosure and should be released unless it can be established that the information contained therein rises to the level of constitutional protection, as discussed previously. (Again, this apparently counterintuitive result arises out of an interpretation of the FOIA that I will be reviewing.)
It is my opinion, however, that if the previous employer is an entity that is subject to the FOIA, this record would constitute the "employee evaluation/job performance record" of the individual referenced therein, and the release of the record must be evaluated under the FOIA's standard that is applicable to such records. Before discussing that standard, I must note that this situation is unusual in that although the substance of the record in question was created by the applicant's previous employer, it was created at the behest of someone else and is in the hands of someone other than the applicant's employer. Normally, employee evaluation/job performance records are created at the behest of the employer and are maintained in the possession of the employer. However, it is my opinion that a record can constitute an employee evaluation/job performance record even if it is in the hands of someone other than the employer, if it reflects the employer's actual evaluation of the individual's performance or lack of performance on the job. Accord, Op. Att'y Gen. No. 2001-172. In my opinion, the Personal Reference Check is such a record. This office has consistently opined that employee evaluation/job performance records are records that were created by or at the behest of the employer, and that detail the employee's performance or lack of performance on the job. See, e.g., Ops. Att'y Gen. Nos.2002-263; 2002-210; 2002-158; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. The policy reasons for restricting the disclosure of such records (i.e., to promote candid assessment of employees, see
Watkins, The Arkansas Freedom of Information Act, supra) are just as applicable to evaluation records in the hands of someone other than the employer as to records in the hands of the employer. Accordingly, I conclude that if the previous employer is subject to the FOIA, the release of the Personal Reference Check must be evaluated under the FOIA's standard for the release of "employee evaluation/job performance records."
Under the FOIA, "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether each of the above-listed conditions has been met is a question of fact that must be evaluated after a review of each applicant's record.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Act 608 of 1981 added a clause to the FOIA to provide a general privacy exemption for information "of a personal nature." See Acts 1981, No. 608, § 1. However, that clause was deleted by Act 468 of 1985. See
Acts 1985, No. 468, § 1.
[2] It should be noted that there is no controlling authority on the issue of whether the records of unsuccessful applicants should be classified as "personnel records." The lower courts are divided on the issue. Compare Little Rock School District v. Little Rock Newspapers,Inc., Pulaski County Circuit Court Case No. 87-7638 (1987) and LittleRock Newspapers, Inc. v. Board of Trustees of the University of CentralArkansas, Pulaski County Circuit Court Case No. 87-6930 (1987). The Arkansas Supreme Court has not addressed the issue. This office has consistently taken the position set forth above, i.e., that such records should not be classified as "personnel records." See, e.g., Ark. Ops. Att'y Gen. Nos. 95-201, 93-421, 93-403 and 93-114. However, Professor John Watkins, a leading commentator on the FOIA, has taken the opposing view, stating: "The better view is that the term `personnel records' includes documents pertaining to job applicants, whether or not they are ultimately hired." J. Watkins, supra at 133. This issue could be clarified legislatively or through judicial interpretation.