The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, AR 72938-1876
Dear Representative Walters:
I am writing in response to your request on behalf of a constituent for my opinion on the following question:
 Is it legal for the South Sebastian County Water Users Association to provide the White Hall — Rye Hill Volunteer Fire Department with address information of all residences and businesses within its coverage area or would that be a violation of the Privacy Act?
RESPONSE
I am uncertain, as an initial matter, regarding your reference to a "Privacy Act." You have not provided a citation to the law in question. A federal law known as the "Federal Privacy Act" (5 U.S.C. § 552a) prohibits the release of certain types of information; but that act applies, generally, to federal agencies rather than state or local governmental entities. See Shields v. Shetler, 682 F. Supp. 1172
(D.Colo. 1988); St. Michael's Convalescent Hospital v. State ofCalifornia, 643 F.2d 1369, 1373 (9th Cir. 1981).[1] As for state law, there is no general privacy protection under the Arkansas statutes. If it is determined as a factual matter that the South Sebastian County Water Users Association ("Association") is subject to the Arkansas Freedom of Information Act ("FOIA," A.C.A. § 25-19-101 et seq.), then it is my opinion that records containing the address information must be provided in response to a FOIA request, with the possible exception of unlisted addresses as noted below. If, however, the FOIA is inapplicable, then I believe it would be "legal" for the Association to provide the information owing to the absence of any controlling state law in that instance.
With regard to the FOIA, this law contains an exemption that protects personal information contained in personnel records. See A.C.A. §25-19-105 (b) (12). As you can see, this provision is of limited applicability. The FOIA contains no general privacy exemption protecting personal information outside the personnel records context. And as noted above, there is no other general "privacy act" under Arkansas law.Act 608 of 1981 added a clause to the FOIA to provide a general privacy exemption for information "of a personal nature." See Acts1981, No. 608, § 1. However, that clause was deleted by Act 468 of 1985. See
Acts 1985, No. 468, § 1.
Consequently, if the FOIA applies to the South Sebastian County Water Users Association, I believe it would not only be "legal" for the Association to release the address information, but that the FOIA generally requires disclosure of records containing this information.[2]
Regarding the applicability of the FOIA, please note that I have enclosed a copy of two previous Attorney General Opinions (Nos. 2002-285 and 2001-314) for a thorough review of the FOIA's potential applicability to a community water association. I lack sufficient facts to determine whether the South Sebastian County Water Users Association is subject to the FOIA. However, the enclosed opinions should provide sufficient guidance for the factual review. If the Association is a private, nonprofit entity, Opinion 2001-314 should be referenced, wherein it is noted that a water association can be found factually to be subject to the FOIA upon the basis of its particular receipt and use of public funds and upon the basis of its particular functions. Id. at 2, citingWaterworks v. Kristen Invest. Prop., 72 Ark. App. 37, 32 S.W.3d 60 (2000) (private, non-profit volunteer fire department that provided water service to area residents required to pay attorneys' fees for refusal to comply with the FOIA).
Because your question involves a water association, some mention should also be made of A.C.A. § 25-19-105(b)(16), a provision of the FOIA which exempts from inspection and copying "[records], including analyses, investigations, studies, reports, recommendations, requests for proposals, drawings, diagrams, blueprints, and plans, containinginformation relating to security for any public water system." (Emphasis added). It would seem unlikely that the address information in question would contain security information. The custodian of the records must, however, make this determination based on the particular contents of the requested records.
As a final matter, it should be recognized that a records' custodian is not required to compile information or create a record to satisfy a request under the FOIA if no such record currently exists. A.C.A. §25-19-105(d)(2)(C). The custodian must instead simply make available existing records that do not fall within an exemption.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosures
[1] Although not directly implicated by your question, one section of the Federal Privacy Act does apply to local entities. Section 7 of the original act [P.L. 93-579], which is set forth in the form of a note to5 U.S.C. § 552a, prohibits local agencies from penalizing individuals for refusing to disclose their social security numbers. Consistent with this provision, I have previously opined that social security numbers should be redacted from otherwise releasable public records. See, e.g., Op. Att'y Gen. 2003-064 (and previous opinions cited therein). While I am unaware of any other potentially applicable Federal Privacy Act provision, please note that questions of federal law are generally not within the scope of an opinion from this office. Your constituent may wish to contact the U.S. Attorney's Office in this regard.
[2] Such records undoubtedly constitute "public records" under the FOIA, which are defined as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103 (5) (A) (Supp. 2003).