Bob Turner, Interim Director Little Rock Department of Public Works 701 West Markham Street Little Rock, AR 72201
Dear Mr. Turner:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 1994 Supp. 2003 Acts 2005, No. 295). You have asked me to respond to your provisional decision, as the custodian of the records at issue in your request, to release for inspection "copies of scoring sheets and a final tally sheet prepared by an interview panel which was formed to interview applicants for the position of Scale House Operations Supervisor." Specifically, you have provided me with a document captioned "Applicant Disposition Sheet," which names the applicants for this position, indicates who interviewed the applicants, indicates by code number the reason unsuccessful applicants were not hired and indicates how the candidates were informed of the hiring decisions; a document setting forth the total scores that the individual interviewers gave the various applicants based upon their responses to a number of predetermined questions; documents listing the dates and times the interviewers met with the applicants; and documents captioned "Questions to ask for Scale House Operations Supervisor," which record each interviewer's assignment to the various applicants of a numerical grade for each answer and each interviewer's notations describing in varying degrees of detail the substance of each applicant's answers. Based upon my review of these documents, I believe that your decision to disclose these documents without redactions is consistent with the FOIA.
With respect to records that reflect the names and interview scores of applicants for public employment, I offered the following analysis in Ark. Op. Att'y Gen. No. 2003-015:
 A record of this nature constitutes the "personnel record" of any individual referenced in the record who is already an employee of the department and of the applicant who is hired. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). This office has previously opined that the release of records reflecting employees' names and scores would constitute a clearly unwarranted invasion of personal privacy, and although in some instances it may be sufficient to redact the employees' names while disclosing a list of the scores, it is not sufficient to do so if, under the circumstances, the public could ascertain which applicants received particular scores simply from a listing of the scores. See Ops. Att'y Gen. Nos. 2002-161; 2001-172; 2000-226; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054. The reasoning that underlies this position is that although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 598, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Id. However, as the court noted in Stilley v. McBride, 332 Ark. 306,312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313.
As noted in the above quoted excerpt from Opinion No. 2003-015, previous opinions issued by this office have applied the balancing test just described in support of nondisclosure based on the reasoning that, while "the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest." However, in the present case, the identifiable public interest is not simply to establish that public employees possess skills sufficient to perform their duties, but rather to establish that the most qualified applicant was actually hired. In my opinion, this public interest would be vindicated by producing the scores of the applicant who was hired. I would describe as minimal, if there at all, the interest of a successful applicant in keeping his or her prevailing score undisclosed. In my opinion, this minimal interest in privacy will generally be outweighed by the public's interest in knowing whether the most qualified applicant was hired.[1]
The situation might be somewhat more complicated if a current employee unsuccessfully sought the position. Depending on how poorly a current employee did on the interview testing, it might be that his privacy interest might outweigh the public's interest in how he performed. However, one might persuasively argue in the alternative that the public has a considerable interest in knowing the test results of a current employee. In my opinion, only a finder of fact could properly weight the appropriate factors in the balancing test. In the present case, this issue is probably moot because no then current employees appear to have applied for the job at issue.
With respect to unsuccessful applicants who were not already employees of the Department of Public Works, I offered the following analysis in Opinion No. 2003-015:
 [T]he names and scores of applicants who are not employees should not be redacted. The reason for this differentiation is that the "clearly unwarranted" standard applies only to "personnel records." The Applicant Selection Record is not the "personnel record" of any applicant who is not already an employee or who is not hired as a result of the application process. For those individuals, there is no exemption under the FOIA or any other law that would permit withholding this information from the public.
I generally concluded in that opinion that (1) that the records of unsuccessful candidates would not appear to qualify as "personnel records" in the literal sense of that term;[2] (2) that the constitutional right of privacy discussed by the Arkansas Supreme Court in McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989) would not appear to protect the scores of unsuccessful applicants; and (3) that treating successful and unsuccessful candidates differently for purposes of disclosure "could be perceived as unfair." After acknowledging that the courts have split on the question of whether job applications of unsuccessful candidates are "personnel records," compare Little Rock School District v. Little Rock Newspapers, Inc.,
Pulaski County Circuit Court Case No. 87-7638 (1987) and Little RockNewspapers, Inc. v. Board of Trustees of the University of CentralArkansas, Pulaski County Circuit Court Case No. 87-6930 (1987), I announced that I would be reviewing at some point in the future the appropriate status of such records.
I do not believe this opinion marks the occasion to conduct that review. As I noted in Opinion No. 2003-015:
 [T]he Arkansas Supreme Court has steadfastly interpreted the FOIA liberally in favor of openness and has construed exemptions narrowly, so as to serve the FOIA's purpose of assuring that the public is "fully apprised of the conduct of public business." Waterworks v. Kristen Invest. Prop., 72 Ark. App. 37, 32 S.W.3d 60 (2000); Orsini v. State, 340 Ark. 665, 13 S.W.3d 167 (2000). I also note that the FOIA contains no general privacy exemption protecting personal information outside the personnel records context.
Although there may be instances in which the application of these principles to the interview scores of employees and non-employees would result in inequities, as it would if a number of employee applicants were to enjoy protections from disclosure not available to non-employee applicants, the current situation does not appear to lead to any such inequities. As discussed above, everyone's records will be equally subject to disclosure. Rather than elaborately discussing the existing tension in the law regarding whether unsuccessful applicants' records are "personnel records,"[3] I will defer from speculating in the hope that legislative or judicial clarification might be forthcoming.
Applying the principles discussed above, I believe your decision to release all of the documents without redaction is consistent with the FOIA.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JD/cyh
[1] In this regard, I will note that the public interest in the disclosure of this information would appear to grow stronger with each unsuccessful candidate that the record might reveal was more qualified as reflected in interview scores. Although the successful candidate's privacy interest in nondisclosure might correspondingly increase with each unsuccessful candidate that the record revealed to be more qualified, I do not believe that interest would generally outweigh the public interest in disclosing which applicant was awarded the job.
[2] Although FOIA does not define the term, Random House Webster'sUnabridged Dictionary (2d ed. 1999) defines the term "personnel" as "a body of persons employed in an organization or place of work."
[3] In at least one instance, this office has declined to look behind a custodian's determination that such applications are "personnel records." Ark. Op. Att'y Gen. No. 99-002.