The Honorable Steve Oliver Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Oliver:
I am writing in response to your request for an opinion on the following matter:
 Is a volunteer fire department supported by membership dues and state and federal funds exempt from the requirements of A.C.A. § 25-19-101 — 106, the Freedom of Information Act?
RESPONSE
No. In my opinion, a volunteer fire department that is partially funded by public funds, provides a service that is traditionally the purview of the government, and is intertwined with the activities of the government in protecting the health and safety of the citizenry is subject to the provisions of the Freedom of Information Act, A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2003). Of course, I do not have all of the facts regarding this particular fire department before me, but if, as you suggest, it receives direct public funding, in my opinion it is subject to the Freedom of Information Act.
The Freedom of Information Act ("FOIA") contains the following pertinent definitions:
 (4) "Public meetings" means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds; and
 (5)(A) "Public record" means writings, recorded sounds, films, tapes, electronic or computer-based information or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance of lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103 (Supp. 2003) (emphasis added). The Freedom of Information Act further provides that public records will be available to the public for copying and inspection, A.C.A. § 25-19-105(a)(1)(A) (Supp. 2003), and that public meetings will be open to the public, A.C.A. § 25-19-106 (Supp. 2003).
I assume from your request for an opinion that the fire department is a volunteer subscription fire department, which are typically organized as private nonprofit corporations. See generally Op. Att'y Gen. 2004-224;and Op. Att'y Gen. 96-114.
In Op. Att'y Gen. 2002-274, my predecessor had occasion to set forth the standard for analyzing the issue of whether a private entity's records are "public records," subject to the Freedom of Information Act. He stated:
 The FOIA applies to all governmental entities within the state. A.C.A. §§ 25-19-103 (Supp. 2001) and 25-19-106(a) (Supp. 2001). It also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Supp. 2001). This language reveals that private, nongovernmental entities can be subject to the FOIA. See also generally Opinion No. 2001-069.
 The mere receipt of public funds is not, however, alone sufficient to bring a private organization within the reach of the FOIA. The question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Ops. Att'y Gen. Nos. 2000-039 (private non-profit corporation licensed by the Department of Human Services to provide services for the developmentally disabled), 95-273 (private non-profit area on agency designated to provide services to older Arkansas under a federal grant program) and 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. §§ 14-173-101 to -105 to promote economic development). The court in Edmark, supra, in considering whether the files of private attorneys retained by a city were public records, determined that the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "it seems clear that those entities are for all practical purposes the government itself." 304 Ark. at 187, quoting J. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
Id. at 2-3, quoting Op. Att'y Gen. No. 2001-352.
In addition, Professors Watkins and Peltz, recognized commentators on the FOIA, have summarized the test that applies to private organizations as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "the entities are for all practical purposes the government itself." Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a "symbiotic relationship" with the state or its political subdivisions: "[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes."
J. Watkins and R. Peltz, The Arkansas Freedom of Information Act, at 50-51 (4th ed. 2004) (footnotes omitted) (quoting Edmark, 304 Ark. at 187
and Ark. Op. Att'y Gen. No. 83-163).
As this office has previously noted, it is unclear just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Op. Att'y Gen. Nos. 2002-274; 2001-352; 2001-069; 96-013; and 92-205. Using Rehab Hospital Services, Corp. v.Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840
(1985), as an example where a private organization was assisting the state in reviewing proposed changes to the health care system, Professors Watkins and Peltz suggest that "perhaps the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of Information Act, supra at 51-52.
It is clear that private nonprofit fire departments can be subject to the FOIA, at least to the extent a governmental agency contracts with them for fire protection services. See Waterworks v. Kristen InvestmentProperties, 72 Ark. App. 37, 42, 32 S.W.3d 60 (2000) (FOIA clearly applicable to a private nonprofit volunteer fire department providing public safety and utility functions traditionally performed by governmental entities pursuant to its contractual arrangement with a fire protection district). Although it was alleged in Waterworks that the department only received "indirect" public funding by virtue of government loans, the court found the moneys received under the contractual arrangement clearly sufficient to meet the public funding portion of the test. Id. at 41-42. Additionally, the Waterworks court cited with approval Op. Att'y Gen. 92-205 opining that private water associations that are supported in part by public funds performing public functions are subject to the FOIA. Waterworks, 72 Ark. App. at 42-43.
You state in your request that the volunteer fire department about which you inquire receives state funds as well as membership dues. Assuming direct, current state funding, this meets the first requirement discussed above, namely receiving public funds. Fire protection services are services that are routinely provided by the government. See Waterworks,supra. Furthermore, while you do not specify whether a contract such as the one found in Waterworks, supra, exists in this instance, it is my opinion that fire prevention such as that provided by a volunteer fire department are activities closely aligned with the activities of government in safeguarding the public health and safety of the citizenry. In my opinion, this is sufficient to bring the volunteer fire department under the ambit of the Freedom of Information Act.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh