The Honorable Lenville Evans State Representative 13 Ponderosa Drive Lonoke, AR 72086-3603
Dear Representative Evans:
I am writing in response to your request for an opinion concerning the Arkansas Freedom of Information Act, "FOIA," codified at A.C.A. §25-19-101 — 109 (Repl. 2002 and Supp. 2005), as amended by Acts 268, 726 and 998 of 2007. You have presented three questions as follows:
 1. A water system that provides drinking water to customers is asked under the FOIA to release water bills of private water customers that include the name, address, account number, water usage and payment history of the customers. These customers have water service on private property and pay for their water bills with personal not public funds. If a public water system refuses to provide this information, will they be in violation of the Arkansas FOIA?
 2. Please opine if the answer to my question would be different depending on how the public water system is organized. For example, many water systems are municipal owned. Others are Public Facilities Boards, Not-For-Profit Corporations, Private Corporations, and Regional Water Distribution Districts.
 3. Would it make any difference to your opinion if the water system receives state or federal loan or grant proceeds used for water system construction and/or improvements? *Page 2 
RESPONSE
If by "public water system" you mean a publicly-owned system, the answer to your first question is generally "yes," in my opinion. If the water system is not publicly-owned, the answer may depend upon whether the private entity is "wholly or partially supported by public funds or expending public funds" within the meaning of the FOIA. In response to your second question, the organization of the water system might call for a different analysis that could impact the answer, depending upon certain factors discussed below. With regard to your third question, a "loan" in my opinion would likely constitute indirect, as opposed to direct public funding, which can make a difference for purposes of FOIA analysis, whereas a "grant" in my opinion would constitute direct public funding.
Question 1 — If a public water system refuses to provide [water billsthat include customers' names, addresses, account numbers, water usageand payment histories], will they be in violation of the ArkansasFOIA?
The FOIA requires that entities subject to its requirements provide copies of non-exempt "public records" to Arkansas citizens who request them. "Public records" are defined, for purposes of the FOIA, as follows:
 `Public records' means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005) (emphasis added).
As you can see from this definition, the FOIA clearly applies to governmental entities. See also A.C.A. § 25-19-103(4) (defining "public meetings") and — 106(a) (Supp. 2005) (open meetings requirement). Accordingly, this office has *Page 3 
previously opined that the FOIA requires the disclosure of customer-specific payment records of municipally-owned water systems, absent facts requiring nondisclosure on constitutional privacy grounds. Ops. Att'y Gen. Nos. 2000-129 and 97-244 (finding no basis for refusing to release names and account information, concluding that this is not the type of "extremely personal" information that is protected under the constitutional right to privacy). The same obtains with respect to a rural water district organized under the Regional Water Distribution Act, A.C.A. § 14-116-101 et seq. See Op. Att'y Gen. 2002-285 (opining that such a water district must provide records reflecting customers' names, addresses, and listed phone numbers). See also Ops Att'y Gen. Nos. 2004-205 (regarding release of certain records of the Sharp County Cherokee Village Waterworks Facilities Board) and 2001-314 (community water association).
As is also apparent from the above definition of "public records," the act applies as well to nongovernmental entities "wholly or partially supported by public funds or expending public funds." See also A.C.A. § 25-19-103(4) and — 106(a). As explained further below in response to your second question, the mere receipt of public funds is not, in itself, sufficient to bring a private organization within the act. It must also be determined whether the private entity carries on "public business" or is otherwise intertwined with the activities of government.See A.C.A. § 25-19-102 (statement of legislative intent)[1] and J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 50-52 (discussing the "intertwining" element).
The answer to your first question concerning a "public water system" is therefore generally "yes," in my opinion, as to a water system owned by a public entity. While a constitutional issue could conceivably arise, I agree with my predecessors that absent a protectable privacy interest arising from extremely personal information contained in the water bills, such a system would be in violation of the FOIA if it refused to make the bills available for public inspection and copying. *Page 4 
If, however, the term "public water system" in your first question is also intended to include systems owned by private entities, please refer to my response to Question 2.
Question 2 — Please opine if the answer to my question would bedifferent depending on how the public water system is organized.
I cannot definitively state that the answer would be different; but it might call for further analysis. If the water system is not publicly-owned, but instead is owned by a private entity, such as a nonprofit association or corporation, then in my opinion the answer will likely depend upon whether the entity receives direct public funding so that the public funds element of the FOIA test is satisfied. It has been stated with regard to the applicability of the FOIA to private entities, that:
 In addition to governmental entities, the FOIA's `public funding' definition encompasses private organizations `in the State of Arkansas . . . supported wholly or in part by public funds or expending public funds.' The term `public funds,' while not defined in the statute, has been held to mean `[m]oneys belonging to government, or any department of it, in [the] hands of [a] public official.' [Citing Sebastian County Chapter of American Red Cross v. Weatherford, 311 Ark. 656, 659, 846 S.W.2d 641 (1993)]. Federal, state, and local funds are included. . . . As a result of [Rehab Hospital Services Corp. v. Delta-Hills Health Agency, Inc., 285 Ark. 397, 687 S.W.2d 840
(1985)] private entities that receive federal funds are potentially subject to the state FOIA, even if they are not funded by state or local governments.
THE ARKANSAS FREEDOM OF INFORMATION ACT, supra at 48-49 (emphasis original).
In addition to being in receipt of public funds, a private entity must perform a function of public concern and conduct activities intertwined with the government in order to be subject to the FOIA. The test in this regard has been summarized as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and *Page 5 
(3) carry on work that is intertwined with that of government bodies. . . . As the Supreme Court has recognized, . . . the FOIA should apply when the government `seeks to conduct its affairs through private entities,' for in that situation `the entities are for all practical purposes the government itself.' Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a `symbiotic relationship' with the state or its political subdivisions: `[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes.'
Id. at 50-51 (footnotes omitted) (quoting City of Fayetteville v.Edmark, 304 Ark. 179, 187, 801 S.W.2d 275 (1990) and Ark. Op. Att'y Gen. No. 83-163).
While it is often unclear just how "intertwined" a private entity must be with the government before the FOIA will be deemed applicable,see, e.g., Op. Att'y Gen. 2002-274 and opinions cited therein, it bears noting that the Arkansas Court of Appeals has identified "water service" as "a service routinely provided by government." Waterworks v. KristenInvestment Properties, 72 Ark. App. 37, 42, 32 S.W.3d 60 (2000).Waterworks involved a FOIA request for certain records, including financial reports and customer lists, of a private nonprofit volunteer fire department that provided water service to persons within a public fire protection district pursuant to a contractual arrangement with the district. Payments under the contract derived from public assessments within the district. Id. at 42. The private nonprofit alleged that it only received "indirect" public funding by virtue of government loans. However, the court found the moneys received under the contractual arrangement clearly sufficient to meet the public funding portion of the FOIA test:
 [T]he funding for operating the [private volunteer fire department's] Water Division comes from a public source in the form of a levy against property owned within the District. Moreover, the Arkansas Attorney General has opined that private water associations that are supported in part by public funds and that perform functions normally served by government entities are subject to the FOIA. See Op. Att'y Gen. # 92-205.
Id. at 42-43. *Page 6 
The court ordered the private water supplier to pay attorneys' fees for its refusal to comply with the FOIA, finding that it was not justified in believing it was not subject to the FOIA. Id. at 43-44.
Waterworks thus supports the general proposition that the FOIA applies to a privately-owned water system that serves the public purpose of providing water service under a publicly funded contract. Additionally, as stated below in response to your third question, it seems clear that direct funding in the form of state or federal grants can render such a system subject to the FOIA, although the question is ultimately factual.
Question 3 — Would it make any difference to your opinion if the watersystem receives state or federal loan or grant proceeds used for watersystem construction and/or improvements?
In my opinion, this might make a difference in the case of a private entity providing water service. Ultimately, however, this will probably be a factual question.
The test for applicability of the FOIA to private entities, as it has been articulated by the Arkansas Supreme Court, requires the receipt of "direct public funding." Sebastian County Chapter of the American RedCross v. Weatherford, 311 Ark. 656, 661, 846 S.W.2d 641 (1993). In two cases decided prior to Weatherford, the court noted the receipt of public funds by the nonprofit entities, and the "public purpose" or "great public concern" surrounding the activities of the nonprofit entities. Rehab. Hospital Services Corp., supra, 285 Ark. at 400, andNorth Central Assoc. of Colleges Schools v. Troutt Bros. Inc.,261 Ark. 378, 381, 548 S.W.2d 825 (1977). Then, in Weatherford,311 Ark. at 660, 661, it noted that the funding received in both of the prior cases was "direct" rather than "indirect" funding, which the court held to be an essential element to application of the FOIA. In concluding that a one dollar, thirty-year lease agreement between the Sebastian County Chapter of the American Red Cross and the City of Fort Smith did not meet the "direct public funding" requirement, the court inWeatherford observed: "Here, no payment of government moneys wasmade to the Red Cross and the concomitant application of the FOIA should not transpire." Id. at 661 (emphasis added). *Page 7 
The Court of Appeals in Waterworks, supra, picked up on this latter statement when it recounted the private nonprofit fire department's contention in that case that ". . . it was justified in believing that it was not subject to the FOIA because its only connection to public funding [was] indirect support via state and federal loans."72 Ark. App. at 41 (emphasis added). As the court in Waterworks noted, "indirect government benefits or subsidies do not constitute `public funds'. . ." according to Weatherford. Id. The Waterworks court continued by pointing out, however, that the state and federal loans did not form the basis for the trial court's ruling that the fire department at issue in Waterworks was subject to the FOIA. Id. That ruling was based instead upon the nonprofit's publicly-funded contractual arrangement with the fire protection district. Id.
It was therefore unnecessary for the court in Waterworks to rule specifically on the issue of whether a public loan might constitute direct public funding for FOIA purposes. However, the court's discussion of the nonprofit's argument in that respect lends some credence to the contention that a loan is more in the nature of an "indirect benefit" or "subsidy," Weatherford, 311 Ark. at 660, as opposed to a "payment of government moneys." Id. at 661. Pending further judicial review, therefore, it is my opinion that a state or federal loan for water system construction or improvements in all likelihood is not the type of funding that is an essential element for FOIA analysis.
A public grant will, however, in my opinion, likely meet the threshold test of whether there has been a direct transfer to the private organization of money belonging to the government. Accord Ops. Att'y Gen. Nos. 2001-314, 99-090, 94-001 and 92-205. See also Op. Att'y Gen.95-273 (opining that area agencies on aging in receipt of federal grant monies are supported by "public funds" for purposes of the FOIA, citingRehab Hosp. Serv. Corp.).
As noted by one of my predecessors, it must also be recognized in this regard that issues of "public funding and function" are ultimately questions of fact. If the facts show that a private provider of water service has received and is continuing to utilize a public grant for the general support of its functions in providing water service, a "utility function[ ] traditionally performed by governmental entities,"Waterworks at 41, then in my opinion such private entity is likely subject to the FOIA. In other circumstances, however, factual issues might arise concerning the precise extent to which the FOIA applies. Two recognized commentators on the FOIA have observed the following in this regard: *Page 8 
 The Court's opinion [in Edmark, supra] suggests rather clearly that a private organization that enjoys only partial financial support from government is only partially bound by FOIA requirements. That is, the FOIA applies only to records and meetings `relevant to [the] task' for which a private contractor is hired or a nonprofit corporation receives a government grant. [Quoting Edmark, 304 Ark. at 187; footnote omitted.]
 * * * A related question arises with respect to a private entity that once received public funds but no longer does. With respect to records, the Attorney General has opined that documents coming into the entity's possession after the termination of public support are not subject to the act [footnote omitted], while records created or received during the funding period . . . remain open to the public on a continuing basis. [Footnote omitted.] . . . A factual inquiry would be necessary to determine the point at which the entity is no longer supported by public funds. [Footnote omitted.]
THE ARKANSAS FREEDOM OF INFORMATION ACT, supra at 58-59.
Of particular relevance to your question are the following observations concerning the public funding period:
 Sometimes there will be little difficulty in pinpointing the termination date, as would be the case when a private entity provides services for a specified term under a city contract. E.g., Ark. Op. Att'y Gen. No. 1992-220. In other situations, the inquiry will not be so easy. Suppose, for example, that a rural water association received a federal grant several years ago for start-up operations. See Ark. Op. Att'y Gen. No. 1992-205. Arguably, the FOIA is no longer applicable when the association exhausts those funds or when equipment purchased with the money is fully depreciated.
Id. at 59 (n. 92). *Page 9 
As you can see, the issue of public funding with respect to a private water system may ultimately be a factual question to be decided by a court of competent jurisdiction. I cannot act as a factfinder in issuing opinions, nor can I anticipate all of the possible factual scenarios that might arise respecting such entities.
Because your question involves a water association, some mention should also be made of A.C.A. § 25-19-105(b)(17), a provision of the FOIA enacted pursuant to Act 998 of 2007, which exempts from inspection and copying "[r]ecords, . . . containing information relating to security for any public water system[,]" the term "public water system" being defined under subsection 25-19-103(6) as "all facilities composing a system for the collection, treatment, and delivery of drinking water to the general public. . . ." While it would seem unlikely that customers' water bills would contain security information, the custodian of the records must make this determination based on the particular contents of the requested records.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] Subsection 25-19-102 declares the purpose and policy of the FOIA as follows:
 It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy.
A.C.A. § 25-19-102 (Repl. 2002).