Betty Williams
350 Rankin Ashdown, Arkansas 71822 Dear Ms. Williams:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You indicate that you are a former employee of the "Southwest Arkansas Development Council." You have used the FOIA to ask your former employer for copies of documents that are in your personnel file. The custodian has refused to disclose those documents.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. There is a threshold problem that prevents me from making that determination in this case. There is no indication that the Southwest Arkansas Development Council is a public agency. Accordingly, you can only use the FOIA to obtain records from that entity if the entity meets the test for whether private entities are subject to the FOIA. In this instance, I am neither equipped nor authorized to determine those facts. Therefore, I cannot say whether the custodian's decision is consistent with the FOIA. Instead, I will set out the law regarding when private entities are subject to the FOIA. If the entity is subject to *Page 2 
the act under that test, then you may obtain your own personnel files under the FOIA pursuant to A.C.A. § 25-19-105(c)(2).[1]
DISCUSSION
The FOIA sometimes applies to private entities.[2] The Arkansas Supreme Court has reasoned that the FOIA applies to private entities because of language in three areas of the FOIA: (i) the FOIA's express intent, which is to keep electors advised of "public business";[3] (ii) the definition of "public meetings";[4] and (iii) the *Page 3 
definition of "public records."[5] Determining whether a private entity is subject to the FOIA requires a two-step analysis. First, the private entity must be wholly or partially supported by public funds. Second, the activities of the private entity must be sufficiently "intertwined" with the activities of government.[6]
First Element — Public funds
While the FOIA does not define "public funds," the Arkansas Supreme Court has in Sebastian County Chapter of American RedCross v. Weatherford.[7] The Weatherford court defined the phrase to mean: "[m]oneys belonging to government, or any department of it, in hands of public officials."[8] Public funds can originate from the federal, [9] state, [10] or local[11] levels. An entity does not satisfy this element merely because it receives an indirect benefit from the government such as a reduced rate for leasing land.[12] I have no indication — one way or the other — about whether your former employer receives public funds.
Second Element — Intertwined with government
The other issue is whether your former employer's services intertwine it with government. One way a private entity's activities intertwine it with government is *Page 4 
when the entity acts as the functional equivalent of government such that the government is "conduct[ing] its affairs through private entities."[13]
It is my understanding that your former employer administered "Head Start" programs and may have provided medical services (or provided the means to obtain medical services) to elderly or pregnant women. It is unclear to me whether these kinds of activities sufficiently intertwine your former employer with government activities. To fully answer that question, an appropriate fact finder would need to assess the former employer's activities in full and determine whether those activities somehow intertwined it with government. I am not authorized or equipped to make such a factual investigation.
In summary, the threshold question is whether your former employer is a private entity subject to the FOIA. If it is, then you can probably use the FOIA to obtain your personnel file. If it is not, then you cannot use the FOIA for that purpose.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] When the FOIA applies to a private entity, questions can arise regarding the precise extent to which the act applies. As a general rule, a private entity that receives only partial support from government is only partially bound by FOIA requirements. Op. Att'y Gen. 2007-227. That is, in some situations, a private entity may be subject to the FOIA only to the extent of requiring the openness of meetings and records that are "relevant to the task" of the public business that is carried out by the entity. City of Fayettevillev. Edmark, 304 Ark. 179, 186-87, 801 S.W.2d 275 (1990); John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT § 2.03 (m m Press, 5th ed., 2009).
[2] A representative sampling of cases in which private entities have been subjected to the FOIA includes: Kristen Inv. Properties,LLC v. Faulkner County Waterworks and Sewer Public FacilitiesBd., 72 Ark. App. 37, 32 S.W.3d 60 (2000); Swaney v.Tilford, 320 Ark. 652, 898 S.W.2d 462 (1995); Edmark,supra note 1; Depoyster v. Cole, 298 Ark. 203,766 S.W.2d 606 (1989) (overruled on other grounds by Harris v.City of Fort Smith, 366 Ark. 277, 234 S.W.3d 875 (2006));Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency,Inc., 285 Ark. 397, 687 S.W.2d 840 (1985); Arkansas Gazette Co.v. Southern State College, 273 Ark. 248, 620 S.W.2d 258 (1981);North Central Assn. of Colleges Schools v. Troutt Brothers,Inc., 261 Ark. 378, 548 S.W.2d 825 (1977).
[3] Arkansas Code Annotated § 25-19-102 (Repl. 2002) explains the legislature's intent:
 It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them or their representatives to learn and to report fully the activities of their public officials.
[4] Arkansas Code Annotated § 25-19-103(4) (Repl. 2002 Supp. 2009) defines "public meetings" as "meetings of . . . organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds. . . ."
[5] Arkansas Code Annotated § 25-19-103(5)(A) (Repl. 2002 Supp. 2009) defines "public records" as records kept by "any other agency wholly or partially supported by public funds or expending public funds."
[6] Edmark, supra note 1; e.g., Op. Att'y Gen.2006-086; Watkins Peltz, supra note 1, at § 2.03.
[7] 311 Ark. 656, 659, 846 S.W.2d 641, 644 (1993) (citing Black's Law Dictionary 6th ed. (1990)).
[8] Id.
[9] Rehab Hosp. Servs. Corp, supra note 2; Op. Att'y Gen.95-273.
[10] Arkansas Gazette Co. supra note 2; Op. Att'y Gen.95-128.
[11] Edmark, supra note 1; Op. Att'y Gen. 96-290.
[12] Weatherford, supra note 7. In Weatherford, a local Red Cross chapter entered into a lease agreement with a city. The agreement permitted the chapter to, among other things, lease certain land for 30 years at $1 per year. All parties stipulated, and the circuit court found, that the property's fair-market rental-value was greater than $1 per year. Consequently, the circuit court held that the chapter was partially supported by public funds. But the Arkansas Supreme Court disagreed. It held that the lease agreement was an indirect benefit, which did not trigger the FOIA. Id.
[13] See Edmark, supra note 1, at 187 (citing John J. Watkins, Access to Public Records Under the Arkansas FOIA, 37 Ark. L. Rev. 741, 768 (1984)).